

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2005

# Logan v. Ogershok

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4499

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Logan v. Ogershok" (2005). *2005 Decisions.* Paper 560.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/560

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-304                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4499
_____

NICK LOGAN,
Appellant

v.

J.J. OGERSHOK; J. DINARDI, CORRECTIONS UNIT
MANAGER AND COUNSELOR, SCI-HUNTINGDON;
BENJAMIN A. MARTINEZ; KATHLEEN ZWERZYNA,
CHAIRMAN AND SECRETARY OF PA BOARD OF PAROLE BOARD;
R. LAWLER, PROGRAM MANAGER, SCI-HUNTINGDON;
KENNETH K. KYLER; LINDA THOMPSON;
CINDY JOHNSON, PAROLE AGENTS, SCI-HUNTINGDON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 03-cv-02328)
District Judge:  Honorable James F. McClure, Jr.

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 14, 2005

BEFORE: ROTH, BARRY and SMITH, CIRCUIT JUDGES

(Filed September 12, 2005)
_____

OPINION
_____

PER CURIAM.

Nick Logan, an inmate at the State Correctional Institution at Huntingdon,

Pennsylvania ("SCI-Hungtindon"), is serving a six to twenty-four year sentence for theft imposed in 1991 pursuant to a plea agreement. In 2004, Logan filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against various SCI-Huntingdon officials and two members of the Pennsylvania Board of Probation and Parole ("Board") alleging that (1) his 2003 parole proceedings violated due process and equal protection because his institutional file was incomplete; and (2) he was subjected to verbal abuse by Joseph Ogershok, a Unit Manager at SCI-Huntingdon, violating the Eighth Amendment. Logan sought damages and injunctive relief.

The defendants filed a motion to dismiss on several grounds. The District Court found that Logan's claim for damages is premature under Heck v. Humphrey, 512 U.S. 477 (1994), and the request for injunctive relief is barred by Edwards v. Balisok, 520 U.S. 641, 646 (1997). In addition, the District Court found that the Board did not arbitrarily deny Logan parole on an impermissible basis, and did not violate due process. Finally, the District Court found that Logan's allegations of verbal abuse are not actionable under § 1983. Accordingly, the District Court granted the defendants' motion to dismiss.

Logan timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. He has been granted leave to proceed in forma pauperis on appeal. When an appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). After a review of the record, we will

2

dismiss this appeal as frivolous.

Because Logan's due process challenge, which attacks the parole proceedings, would necessarily demonstrate the invalidity of his confinement or its duration, it is not properly raised at this time in a § 1983 action. See Wilkinson v. Dotson, 125 S. Ct. 1242, 1248 (2005). Thus, the District Court correctly concluded that Logan's due process claim is premature until the parole denial has been rendered invalid. See Balisok, 520 U.S. at 648. We also agree with the District Court that Logan's allegations of verbal abuse fail to state a constitutional claim upon which relief can be granted. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002). For these reasons, and the reasons explained by the District Court, the defendants' motion to dismiss was properly granted.

In sum, because Logan's appeal lacks arguable merit, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).